**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5462-16T1

FRANCINE HAMILTON
and RAYMOND HAMILTON,

     Plaintiffs-Appellants,

v.

DEBORAH GALATI, ALBERT
GALATI, and PATRICIA GALATI,

     Defendants,

and

DEBORAH GALATI,

     Third-Party Plaintiff,

v.

FIRST BROKERS INSURANCE
and FARMERS INSURANCE
COMPANY OF FLEMINGTON,

     Third-Party Defendants-Respondents.

_____

Argued January 30, 2019 – Decided May 9, 2019

Before Judges Alvarez and Nugent.

On appeal from Superior Court of New Jersey, Law Division, Camden County, Docket No. L-4289-14.

Joseph A. Lombardo argued the cause for appellants Francine Hamilton and Raymond Hamilton (Lombardo Law Group, attorneys; Joseph A. Lombardo, on the brief).

Amelia M. Lolli argued the cause for respondent First Brokers Insurance (Connor Weber & Oberlies, attorneys; Amelia M. Lolli, on the brief).

Murray A. Klayman argued the cause for respondent Farmers Insurance Company.

PER CURIAM

Plaintiffs Francine Hamilton and Raymond Hamilton[1] appeal three orders issued June 10, 2016, denying defendant Deborah Galati's motion for insurance coverage, and granting defendant First Brokers Insurance and defendant Farmers Insurance Company of Flemington summary judgment against defendants Albert and Patricia Galati[2] on their third-party complaint. Thereafter, the judge on August 11, 2016, denied Deborah's motion for reconsideration. We affirm.

---

[1] Deborah Galati assigned her rights in the action to the Hamiltons. No copy of the assignment is included in the appendix.

[2] We refer to the parties by their first names to avoid confusion.

2

Albert and Patricia are Deborah's parents. They purchased a home for her and her children. After Deborah moved into the property, she acquired an Alaskan Malamute dog, who broke free of its outside tether and attacked Francine Hamilton, causing personal injuries.

Before the Malamute attacked Francine Hamilton, around the time Deborah moved into the property, Patricia contacted First Brokers for homeowner's insurance for Deborah's house. Bonnie Bowen, a First Brokers agent, explained that Patricia could not obtain homeowner's coverage because she did not reside there. Instead, Bowen was willing to issue a dwelling/fire policy, but this would only cover Albert and Patricia. Bowen suggested that Deborah separately obtain renter's insurance. Patricia told Bowen that Deborah did not pay rent, but Bowen repeated that she should have renter's insurance. Patricia testified in deposition that she believed renter's insurance only covered the value of contents, did not understand it would have provided Deborah property liability coverage because it was never explained to her, and thus she did not encourage Deborah to obtain it. Deborah did not obtain renter's insurance.

A-5462-16T1

The dwelling/fire insurance policy issued to Albert and Patricia states "THIS IS NOT A HOMEOWNERS POLICY." Albert and Patricia are the only named insureds. The policy reads:

> COVERAGE E – GENERAL LIABILITY COVERAGE
> We will pay for the benefit of insureds, up to our limit of liability shown in the Declarations, those sums that insureds become legally obligated to pay as damages because of bodily injury or property damage that occurs during the policy term and is caused by an occurrence covered by this policy.

The policy defines "insureds" as follows:

> Insured
> Part A
> If the named insured is an individual, insured means:
> 1. You and the following, if residents of your household:
> a. Your spouse.
> b. Your or your spouse's relatives.
> c. Anyone under the age of 21 in your care or the care of a resident relative.

Furthermore, the policy also defines "you, your and yourself" as "[r]efer[ring] to the insured named in the Declarations."

The judge found in favor of Farmers and First Brokers because the policy unambiguously defined "insured" as including only Albert and Patricia. He considered construction of the policy language to be "really a plain language type of situation, and it's not something that needs any further description. You

4

can't define every word in a policy, and that's one of the words I don't think you have to define." Because terms in insurance policies are to be given their plain meaning, in the absence of ambiguity, Deborah was not an additional insured.

The judge also concluded that the insureds could not reasonably expect to include their daughter in the definition of "insureds" when she resided in another household. He also did not consider Deborah to be a third party beneficiary, or that the broker or insurance company had a fiduciary or other duty to her based on the phone call from her mother.

On August 11, 2016, the judge denied the motion for reconsideration, citing to the standards found in Rule 4:49-2 and D'Atria v. D'Atria, 242 N.J. Super. 392 (Ch. Div. 1990). He considered the application to be merely an expression of dissatisfaction with the outcome of the motions.

On appeal, the Hamiltons acting on the assignment of Deborah's rights, raise the following alleged errors on the part of the Law Division judge:

> I.    DEBORAH GALATI HAD A REASONABLE EXPECTATION OF INSURANCE COVERAGE FROM FARMERS AND/OR FIRST BROKERS.
> II.   BECAUSE THE FARMERS' POLICY PROVIDED FOR THE MEDFORD AVENUE PROPERTY DOES NOT SPECIFICALLY DEFINE THE TERM "RESIDENT," AND IS THEREFORE AMBIGUOUS, IT SHOULD BE

5

CONSTRUED IN FAVOR OF COVERAGE FOR DEBORAH GALATI.

III. DEBORAH IS ENTITLED TO HAVE THE INSURANCE CONTRACT ISSUED BY FARMERS, THROUGH FIRST BROKERS, REFORMED, DUE TO MUTUAL MISTAKE AS TO THE COVERAGE PROVIDED.

IV. THE TRIAL COURT FAILED TO CONSIDER THAT DEBORAH IS AN INTENDED THIRD PARTY BENEFICIARY OF THE FARMERS POLICY ISSUED TO HER PARENTS, PATRICIA AND ALBERT, AND IS THUS ENTITLED TO COVERAGE.

V. THE TRIAL COURT FAILED TO CONSIDER THE POTENTIAL FOR MALPRACTICE AND/OR NEGLIGENCE AS TO FIRST BROKERS AND FARMERS FOR THEIR FAILURE TO MITIGATE DEBORAH'S EXPOSURE AFTER THE CLAIM WAS FILED.

I.

"[T]he words of an insurance policy are to be given their plain, ordinary meaning." Zacarias v. Allstate Ins. Co., 168 N.J. 590, 595 (2001). "In the absence of any ambiguity, courts 'should not write for the insured a better policy of insurance than the one purchased.'" Gibson v. Callaghan, 158 N.J. 662, 670 (1999) (quoting Longobardi v. Chubb Ins. Co. of N.J., 121 N.J. 530, 537 (1990) ("in the absence of an ambiguity, a court should not engage in a strained construction to support the imposition of liability.")). An ambiguity exists

A-5462-16T1

where the average policyholder would not be able to ascertain the boundaries of coverage.  Longobardi, 121 N.J. at 537.  "When there is ambiguity in an insurance contract, courts interpret the contract to comport with the reasonable expectations of the insured, even if a close reading of the written text reveals a contrary meaning."  Zacarias, 168 N.J. at 595 (citing Gibson, 158 N.J. at 671).

While plaintiffs allege that the lack of a definition for "resident" in the policy creates an ambiguity, a plain reading of the contract evinces no such ambiguity.  The insurance policy lists Albert and Patricia as the "insureds."  In order to be covered by the policy, the additional insureds must reside in Albert and Patricia's household:

> If the named insured is an individual, insured means:
> 1. You and the following, if residents of your household:
> a. Your spouse.
> b. Your or your spouse's relatives.
> c. Anyone under the age of 21 in your care or the care of a resident relative.

There is no ambiguity in the term "household."

"[I]n the absence of an ambiguity, a court should not engage in a strained construction to support the imposition of liability."  Longobardi, 121 N.J. at 537. Nothing in the policy, or the record for that matter, establishes a factual basis for Deborah to have had a reasonable expectation of insurance coverage.  She

7

simply does not fall within the term "resident," nor was she a member of Albert and Patricia's "household." There is no ambiguity here; the doctrine of "reasonable expectations" simply does not apply.

## II.

"Equity will grant reformation of an insurance policy where there is mutual mistake or where a mistake on the part of one party is accompanied by fraud or other unconscionable conduct of the other party." Stamen v. Metro. Life Ins. Co., 41 N.J. Super. 135, 140 (App. Div. 1956). However, the summary judgment record reveals that Patricia made no mistake as to the scope of coverage; she only made assumptions and no further inquiries. Albert and Patricia knowingly purchased a dwelling/fire policy, and knew it would only cover them and not Deborah. Deborah did not obtain a renter's policy as the broker suggested. There was no mutual mistake.

## III.

The Hamiltons allege that since Albert and Patricia now have a new insurance policy on Deborah's home, listing Deborah as an "additional insured" under the policy, it was in fact possible for First Brokers and Farmers Insurance to have added Deborah as an "additional insured." They contend that the broker and insurer's failure to do so initially is a breach of fiduciary duty.

A-5462-16T1

"The fiduciary relationship [between an insurance producer and a client] gives rise to a duty owed by the broker to the client 'to exercise good faith and reasonable skill in advising insureds.'"  Aden v. Fortsh, 169 N.J. 64, 79 (2001) (quoting Weinisch v. Sawyer, 123 N.J. 333, 340 (1991)).  "[I]f a broker 'neglects to procure the insurance or if the policy is void or materially deficient or does not provide the coverage he undertook to supply, because of his failure to exercise the requisite skill or diligence, he becomes liable to his principal for the loss sustained thereby.'"  Ibid. (quoting Rider v. Lynch, 42 N.J. 465, 476 (1964)).

Here, the agent for First Brokers was clear about the type of insurance she was providing to Albert and Patricia.  She was clear that the policy only covered Albert and Patricia and that Deborah would have to obtain her own policy. While the agent could have recommended another policy under which Deborah could be added as an "additional insured party," the agent owed no fiduciary obligation to Deborah.  Her failure to do so does not rise to a breach of fiduciary duty.  That the agent and the carrier owed a duty to Albert and Patricia did not translate into a duty to Deborah.

IV.

Thus we conclude that the motions for summary judgment were properly granted in this case. We review such decisions applying the same standard used by the trial court. Summary judgment is proper where there is no genuine issue of material fact, considering the evidence in the light most favorable to the non-moving party, and the moving party is entitled to prevail as a matter of law. Rowe v. Mazel Thirty, LLC, 209 N.J. 35, 41 (2012) (citing Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 529 (1995)); R. 4:46-2(c). In this case, the record presents no material issue of fact. The dispute centers on questions of law that were correctly decided by the judge.

Nor did the judge err in denying reconsideration. R. 4:49-2 governs those applications—which should be granted only when the prior decision overlooked law or evidence or otherwise issued in error. See Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996). We review such decisions for abuse of discretion—but see no abuse of discretion in this case. The judge based his decision on relevant law, and took into account all the probative, competent evidence. See D'Atria, 242 N.J. Super. at 401.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5462-16T1